Kenneth Wayne WILLIAMSON *v.* STATE of Arkansas

CR 77-219                    565 S.W. 2d 415

Opinion delivered May 1, 1978
(In Banc)
[Rehearing denied June 5, 1978.]

*James J. Calloway* and *Beryl Anthony, Jr.*, for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Justice. Appellant was charged by information with the crime or robbery of Keith's Grocery on February 11, 1977.

The case was tried to a jury on July 14, 1977, and appellant was convicted and sentenced to the Arkansas Department of Correction for a term of twenty years.

Several points are relied upon for reversal of appellant's conviction. However, we find merit in his contention that the trial court committed error in not requiring the state to disclose the recorded or taped statements made by certain witnesses for the state.

The record discloses that appellant filed a timely pretrial motion praying an order of the trial court requiring the state to disclose "any written or recorded statements or the substance of any oral statements" made by witnesses for the state. In response, the trial court, in effect, directed counsel for defendant and state to work out the discovery problems.

During the trial, counsel for appellant, obviously not being able to resolve the "discovery problems," renewed his motion for discovery. A hearing was conducted by the trial court in chambers.

Counsel for appellant emphasized, during the in chambers hearing, that credibility of the state's witnesses would be a primary issue in the trial and, consequently, he needed written, recorded and the substance of oral statements made by the state's witnesses in order to prepare for his cross-examination. Appellant further emphasized that from the very beginning of appellant's efforts to discover the statements, the state had taken the position that appellant-defendant was not entitled to this information until counsel for appellant was ready to conduct his cross-examination while, on the other hand, appellant insisted that he was entitled to this material even prior to the actual testimony of the state's witnesses. Accordingly, appellant again urged the trial court, in the interest of a fair and impartial trial, to require

the state to disclose the requested information. In response to appellant's plea, the following exchange took place:

"THE COURT: All right, as to the motion to discover the statement of Shirley Monk, if any, at this time that motion will be denied. The State will be ordered to produce or will be prepared to produce any oral statement that she made, if she has acknowledged that statement or signed it.

"MR. ANTHONY: Your Honor, it's my understanding that there is a tape recorded statement from her, that that statement has been transcribed, that last night she went over that statement with Mr. Mike Epley, that she said in discovery procedures in interviewing her, that he went over the entire statement with her, and that that substantially is what she will testify to today.

"THE COURT: At the close of her direct testimony then —

"MR. ANTHONY: We would ask that the tape recorded statement then be made available, so that I can make sure that the typed version is correct, and there is not anything material that is left out of the taped version, so that I can properly cross examine Mrs. Monk, because she is probably the most critical witness in this trial. She is the single corroborating witness that the State has that would tend to connect my client with the crime, over and above the accomplice testimony.

"THE COURT: All right then, I'll ask the State, is that a fair transcription of the recording? Are you satisfied with the transcription of the recording?

MR. EPLEY: That's correct.

"THE COURT: I'm not going to order that you be given the recording. I don't see that that's all that important. But that's up to you. But at the close of the direct testimony, he's already requested it, and you will

give him a copy of that statement. The same will apply to Mrs. Keith. Mrs. Keith is the victim, is that correct."

The state's first witness was the victim and her direct testimony did not involve any description of the assailant regarding height, weight or color complexion. At the conclusion of her testimony, the appellant was not furnished a copy of any statement she had made. The victim testified on cross-examination that she had not supplied any description of the assailant to law enforcement officers. However, after Sheriff Hunter testified on direct, appellant again sought to discover the Sheriff's notes. The court reviewed the Sheriff's files and extracted a copy of the victim's statement made to the Sheriff. Moreover, the Sheriff, after reviewing the notes, admitted that the victim had given him a description of the assailant. This information was in the Sheriff's file and this description was vital evidence tending to negate the guilt of the appellant. Not only was this information not supplied to the appellant, after his written motion for disclosure, but it was not furnished to appellant even after the victim had testified on direct. Moreover, it is further clear from this record that the victim had previously stated that the assailant wore a jacket that had short sleeves while witness, Mrs. Monk, who testified for the state, stated that the sleeves were long. This information was not known to the appellant since it was not disclosed prior to trial.

Rule 17.1 of Arkansas Rules of Criminal Procedure, provides, in material part as follows:

"RULE 17.1 Prosecuting Attorney's Obligations.

(a) Subject to the provisions of Rules 17.5 and 19.4, the prosecuting attorney shall disclose to defense counsel, upon timely request, the following material and information which is or may come within the possession, control, or knowledge of the prosecuting attorney:

. . .

(ii) any written or recorded statements and the substance of any oral statments made by the defendant or a codefendant;

. . .

(d) Subject to the provisions of Rule 19.4, the prosecuting attorney shall, promptly upon discovering the matter, disclose to defense counsel any material or information within his knowledge, possession, or control, which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the punishment therefor."[1] (Emphasis supplied)

We are persuaded that Rule 17.1 imposes a duty upon the state to disclose to defense counsel, upon a timely request, all material and information to which a party is entitled in sufficient time to permit his counsel to make beneficial use thereof. Any interpretation of Rule 17.1 to the contrary would indeed make a farce of a rule which has as its purpose to reduce delays during trial and taken as a whole lending more conclusiveness and completeness in the disposition of criminal cases and disclosure, indeed, alleviates docket congestion and permits a more economical use of judicial resources. It seems clear that disclosure in advance of the trial does not create any risks for the state inasmuch as any improper use of the disclosed material is virtually impossible.

We are further persuaded that appellant was not only entitled to the written transcription prepared by the state from the recorded statements, but appellant was entitled to discover the tapes not only because the tapes represented the best evidence, but without the tapes, appellant had no way of comparing the transcription in order to determine if the transcription was a correct reproduction of the recordings. Indeed, the statement as well as the tapes would have been most helpful to appellant in his cross-examination of state's witnesses.

We have reviewed the record carefully and conclude that the evidence contained in this record is sufficient to cor-

---

[1]Rule 19.4 provides:

Upon a showing of cause, the court may at any time order that specified disclosures be restricted or deferred, or make such other order as is appropriate, *provided that all material and information to which a party is entitled must be disclosed in time to permit his counsel to make beneficial use thereof.* (Emphasis supplied)

roborate the testimony of Alvin Harris, an alleged accomplice, to support the jury's verdict of guilty. We make this observation in order to avoid any misunderstanding as to this Court's position on this issue in the event of a retrial of this case.

Reversed and remanded.