Juan Alipio MARTINEZ *v.* STATE of Arkansas

CR 80-39                                            601 S.W. 2d 576

Supreme Court of Arkansas
Opinion delivered June 9, 1980

*Hubert L. Burch* and *Charles E. Hanks* and *Wyman R. Wade, Jr.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. Appellant was tried by the court below sitting as a jury and found guilty of two counts of being an accomplice to failure to appear in violation of Ark. Stat. Ann. § 41-303 (Repl. 1977). The information alleged that on or about July 17 and 19, 1978, appellant, Juan Alipio Martinez, with the purpose of promoting or facilitating the offense of failure to appear, did solicit, advise or encourage Kathy Workman and Demarious Haney to commit the crime of failure to appear. The court sentenced appellant to five years imprisonment on each count with two years suspended, the sentence to run concurrently. Primarily challenging the sufficiency of the evidence to sustain his convictions, appellant brings this appeal.

Appellant worked in Benton County, Arkansas, as a bail bondsman for Sentinel National Bonding Agency between July 2, 1977, and July 17, 1978. In February, 1978, appellant made a $5,000 bond for Kathy Workman who was given a July 17, 1978, trial setting on a charge of armed robbery. Sometime before the trial date appellant became friendly with Kathy Workman and began to frequent her home which she shared with a Demarious Haney, who also had a criminal trial scheduled for July 19, 1978. In early July, 1978, appellant began to associate with James Allen, an old acquaintance just returning from military service, who met Kathy and Demarious through appellant. On July 16, 1978, the night before Kathy Workman's scheduled trial, appellant, Kathy Workman, James Allen and Demarious Haney drove to Siloam Springs and, after spending the night at the Eastgate Motor Lodge, drove to Tulsa, Oklahoma where Kathy Workman and Demarious Haney boarded a plane on the evening of the 17th to California. On the morning of July 17, 1978, before they left for Tulsa, James Allen and appellant returned briefly to Bentonville for James Allen to withdraw $250 from the bank to finance the two women's flight to California. Appellant also went by the courthouse to

ask the sheriff and prosecutor not to do anything about Kathy's failure to appear until he made an effort to locate her. Although appellant knew that Kathy was at the Eastgate Motor Lodge in Siloam Springs, he indicated that he had not seen her since approximately 10:00 p.m. on the night of the 16th. Appellant and James Allen then returned to Siloam Springs, took the women to the Tulsa airport and returned to Bentonville.

Maintaining that he did not know that the women were trying to avoid prosecution, James Allen reported the July 16th and 17th episode to the police approximately one week later after overhearing a conversation between appellant and a policeman which incriminated the women. Attempting to verify Allen's disclosures, the Bentonville police chief presented a photograph of appellant to the manager of the Eastgate Motor Lodge in Siloam Springs, after first inquiring about the motel's guests on the night in question. The manager recalled the night and identified appellant from the photograph. The manager later identified appellant in the court trial from which he now appeals his convictions.

For reversal appellant first argues that the motel manager's in court identification of appellant was tainted by an impermissibly suggestive pre-trial photographic identification and, therefore, should have been excluded. If the in court identification is excluded, appellant contends that the evidence would be insufficient for a conviction since the testimony of James Allen, whom appellant alleges is an accomplice, would be uncorroborated. First, we find that James Allen was not an accomplice since he testified that he had no knowledge of the criminal charges against the women, and the trial judge specifically credited his testimony. Second, irrespective of the accomplice argument, the motel manager's testimony should not have been excluded because of any defects in the appellant's pre-trial identification. Although we recognize that a single photographic identification procedure may be unduly suggestive, the ultimate test of its admissibility is its reliability. The question is whether, under the totality of the circumstances, the identification is reliable, even though the procedure is suggestive. *Manson* v. *Brathwaite*, 432 U.S. 98 (1977); *McCraw* v. *State*, 262 Ark. 707, 561 S.W. 2d 71

(1978). Before identifying appellant's photograph, the motel manager described appellant as a man of Spanish descent, or other than caucasian, who was something short of six feet, 175 or 180 pounds, with black fuzzy hair and a mustache. She said he wore a pair of cut-off shorts and a Budweiser tee-shirt. When shown the photograph, she promptly responded, "that's the man I bumped into." Under these circumstances, the trial court justifiably concluded that the single photographic identification procedure was reliable and, therefore, did not taint the in court identification of appellant.

Even if the motel manager's identification of appellant is not excluded, appellant contends that the evidence is insufficient to support his convictions. In part, we must agree with appellant. Although we find an adequate evidentiary base to support a conviction of appellant on the count involving Kathy Workman, we do not find sufficient evidence to sustain appellant's conviction on the count involving Demarious Haney. Appellant was Kathy Workmen's bail bondsman and, therefore, knew her trial was scheduled for July 17. With this knowledge, appellant not only helped her leave the state on the date of her scheduled trial, but gave misleading information to the law enforcement officials concerning her whereabouts. In regard to Demarious Haney, however, the evidence does not establish that appellant knew of her trial date of July 19, or, for that matter, even knew that any criminal charges were pending against her. The record provides no indication that he was her bail bondsman or that she informed him of the charges against her. Without this critical link, the evidence falls short or establishing that appellant knowingly solicited or encouraged Demarious Haney to commit the offense of failure to appear.

One further issue raised by appellant requires our attention. Appellant contents that there was reversible error arising from the state's failure to provide him with certain documents and names of witnesses in response to timely discovery requests. Specifically, appellant alleges that he was not provided with the photograph identified by the motel manager and the names of state witnesses, Josephine Heyland and Tom Keith, who established that Kathy

Workman and Demarious Haney had trials set on the dates in question and did not appear. Appellant also complains about not being provided in advance of trial the criminal docket sheet on Kathy Workman which was introduced through the testimony of Josephine Heyland. Although appellant alleges no particular prejudice, he argues for reversal because the state's failure to disclose violates its discovery obligations under Rules 17.1 and 19.2 of the Arkansas Rules of Criminal Procedure. The record indicates, however, that the state did provide the photograph after appellant's counsel requested it at the omnibus hearing before trial. In addition, although the state did not disclose in advance of the trial the names of the two witnesses, one witness was listed by appellant as a defense witness and the other was interviewed by appellant's counsel in advance of his testimony after the court recessed explicitly for that purpose. Although we encourage the state to strictly comply with its disclosure obligations under the Rules of Criminal Procedure, we find no reversible error here. See *Williamson* v. *State*, 263 Ark. 401, 565 S.W. 2d 415 (1978).

Affirmed in part and reversed in part.

FOGLEMAN, C.J., concurs.

PURTLE, J., dissents.

HICKMAN, J., would remand the case for a new trial.

JOHN A. FOGLEMAN, Chief Justice, concurring. I concur, but I believe that Allen's status as an accomplice was a question of fact, rather than one of law. The court's finding eliminated that question by finding sufficient evidence, aside from the testimony of Allen, to at least connect appellant with the offense.

JOHN I. PURTLE, Justice, dissenting. I have searched the record, and I do not find any evidence whatsoever that appellant in any manner assisted or encouraged Kathy Workman and Demarious Haney not to appear for trial. I do find considerable evidence that James Allen assisted the girls in going to Tulsa and California.

Betty Workman testified that appellant told Kathy that she should attend the trial. Demarious testified to some extent before taking the Fifth Amendment. Her testimony was that she and Kathy had decided to go to California but, "John did not want Kathy to go." She further stated that appellant offered to get another attorney for Kathy and get her case postponed.

Appellant is charged as an accomplice to the crime of failure to appear. A part of the charge is that appellant acted with the purpose of promoting or facilitating the commission of the offense of failure to appear. Even if we concede that he knew either Kathy or Demarious were not going to appear, this fact does not render him guilty as an accomplice. He must do something to encourage or to assist them. Purposeful conduct calculated to promote or facilitate the commission of the offense is required for liability to attach to the alleged accomplice.

The only evidence I found in the trial to support this charge was that presented by James Allen, who was initially a co-defendant. For the purpose of the trial, his testimony should be considered that of an accomplice. Therefore, his testimony would not establish the appellant's guilt.

For reasons stated, I would reverse and dismiss.