James Earl THRASHER, a/k/a Charles L. HYATT
*v.* STATE of Arkansas

CR 80-70                                   604 S.W. 2d 931
Supreme Court of Arkansas
Opinion delivered September 22, 1980

*E. Alvin Schay*, State Appellate Defender, Little Rock, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., Little Rock, for apellee.

JOHN I. PURTLE, Justice. Upon convicting appellant of burglary and theft of property, the jury fixed his punishment in the Department of Correction at 20 years for burglary and 10 years for theft of property.

Only one point is argued for reversal. Appellant contends the court erred in requiring appellant to go to trial when the state had not complied with the request for discovery pursuant to Rules of Criminal Procedure, Rule 19.7 (Repl. 1977).

Appellant and a codefendant were charged with burglary and theft of property in violation of Ark. Stat. Ann. § 41-2002 and § 41-2203 (Repl. 1977). They allegedly broke into the Lake Village Drug Store and took a quantity of controlled substances valued at approximately $250. James Barker was appointed to defend appellant. Thrasher, and another attorney defended codefendant Schwindling.

On July 26, 1979, appellant moved for discovery; and, the court entered an order on August 1, 1979, requiring the state to furnish the information by August 14, 1979. The discovery information was to be furnished to appellant's attorney, and a copy was to be filed with the circuit clerk. On September 11, 1979, the date of the trial, appellant filed a motion in limine in which he sought to prohibit the state from using any evidence against him which was required to be disclosed by the court's order granting discovery. The court overruled the motion in limine and allowed the case ·to proceed to trial as scheduled.

The prosecuting attorney insisted that he had sent a copy of the requested material to counsel for the codedendant

and thought that the codefendant's attorney would furnish a copy to appellant's counsel. However, appellant's counsel never received a copy of the requested material, but he did discover three days before the trial that he did not have the requested material. The court overruled the motion in limine on the grounds that appellant's attorney did not show due diligence pursuing the motion for discovery.

After the court overruled the motion in limine, the appellant moved for a continuance, and the court overruled the motion.

We are primarily concerned here with Rules of Criminal Procedure, Rule 19.7 (Repl. 1977), which states:

(a) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant thereto, the court may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the material not disclosed, or enter such other order as it deems proper under the circumstances.

(b) ***

We have dealt with a similar situation in *Williamson* v. *State*, 263 Ark. 401, 565 S.W. 2d 415 (1978); and *Williams* v. *State*, 267 Ark. 527, 593 S.W. 2d 8 (1979). In *Williamson* the prosecuting attorney deliberately failed to make full disclosure under the motion for discovery on the theory that the defendant was not entitled to some of the material until the witnesses had testified on direct examination. The prosecutor also refused to furnish a tape recording of a conversation or a transcription of that recording. The trial court agreed with the prosecuting attorney and, at a hearing before the trial, refused to require disclosure of these items. In reversing the case, we stated:

We are persuaded that Rule 17.1 imposes a duty upon the state to disclose the defense counsel, upon a timely

request, all material and information to which a party is entitled in sufficient time to permit his counsel to make beneficial use thereof. Any interpretation of Rule 17.1 to the contrary would indeed make a farce of a rule which has as its purpose to deduce delays during trial and taken as a whole lending more conclusiveness and completeness in the disposition of criminal cases and disclosure, indeed, alleviates docket congestion and permits a more economical use of judicial resources. It seems clear that disclosure in advance of the trial does not create any risks for the state inasmuch as any improper use of the disclosed material is virtually impossible.

In *Williams* v. *State*, supra, we clearly stated that the failure of the prosecuting attorney to timely furnish requested evidence pursuant to a discovery motion required the exclusion of the evidence or a continuance.

In the case of *Hughes* v. *State*, 264 Ark. 723, 574 S.W. 2d 888 (1978), we held it was not error for the trial court to grant a recess in order for the defense attorney to question witnesses.

We recognize that the appellant's counsel discovered he had not received the requested information three days before the trial. We feel he had a duty to come forward as soon as possible with a request to obtain the information. However, this duty is not as great as the duty of the prosecuting attorney to furnish the information as required by Rules of Criminal Procedure, Rule 17.1 (Repl. 1977), which states that the prosecutor shall disclose to the defendant the information requested in the present case. We are unaware of the last provisions of Rule 19.7 which states that the court may enter such other order as it deems proper under the circumstances. Taking the over-all meaning of this rule, we do not find that the court was authorized to overrule the appellant's objection to the prosecuting attorney's complete failure to produce the evidence as required by the rule and the order of the court. In doing so, we are not holding that there are no circumstances under which the court would not be justified in ordering the trial to proceed. In fact, *Martinez* v. *State*, 269 Ark. 231, 601

S.W. 2d 576 (1980), was such a case. In *Martinez*, we found that the accused had in fact obtained a requested photography through other sources, had been able to interview one of the witnesses called by the state, and had himself called the other witness whose name and address had not been disclosed.

Under the circumstances of this case we feel it was improper to force the appellant into a joint trial without the benefit of any of the information which had been sought through discovery. Therefore, we must remand the case for a new trial.

Reversed and remanded.

FOGLEMAN, C.J., and STROUD, J., dissent.

JOHN F. STROUD, Justice, dissenting. I respectfully dissent with the majority of this court because I cannot say the trial court abused its discretion in denying appellant's motion in limine to exclude any evidence not disclosed to appellant's attorney prior to the day of trial. The testimony of the attorneys in chambers indicates that the prosecuting attorney was under the honest but mistaken belief that by furnishing a copy of the requested information and witness list to the attorney for appellant's codefendant, a copy would be given by him to appellant's attorney. I do not excuse the prosecuting attorney from strict compliance with the discovery order entered by the court, but the attorney for appellant also has some responsibility in the matter.

The order of the court directed the prosecuting attorney to furnish the discovery information to appellant's attorney by August 14, 1979, but when this was not done, appellant's attorney did nothing about it until the date of trial on September 11, 1979. A phone call or letter to the prosecuting attorney, the court, or the attorney for the codefendant would undoubtedly have resulted in immediate delivery of the discovery information. Appellant's attorney did not interview the arresting officers who obviously would be called as witnesses, but instead elected to wait in silence for the date of trial in hopes of excluding certain evidence and testimony or obtaining a continuance.

The majority opinion cites *Williamson* v. *State*, 263 Ark. 401, 565 S.W. 2d 415 (1978) and *Williams* v. *State*, 267 Ark. 527, 593 S.W. 2d 8 (1980), as being factually similar to this case, but I strongly disagree. In *Williamson*, supra, the conviction was reversed because the prosecuting attorney *deliberately* failed to make full disclosure, but there is absolutely no suggestion that the prosecuting attorney deliberately withheld discovery information in the case now on appeal. The facts in *Williams* v. *State*, supra, are also distinguishable because there the prosecuting attorney failed to disclose some *critical* information to the defendant's attorney until the *voir dire* of the jury had been completed. The record in this case fails to disclose how the discovery information was critical to appellant's defense or that he was prejudiced by the late disclosure. As appellant's defense was that he was not at the scene of the burglary, it is difficult to see how pictures of the hole in the wall or a list of the officers who would testify would affect his posture at trial. Also in that case there was no evidence of dilatoriness on the part of the attorney for the defendant, as there was no way he could have known the undisclosed comment had occurred. Because I believe the trial court in this case acted within the discretion afforded him by Rule 19.7 of the Arkansas Rules of Criminal Procedure, I would affirm the conviction.

Fogleman, C.J., joins in this dissent.