Fred Lee HOGAN *v.* STATE of Arkansas

CR 83-83                                    657 S.W.2d 534

Supreme Court of Arkansas
Opinion delivered September 26, 1983

*Ken Cook,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted of two counts of rape and sentenced to life in prison on each count with the sentences ordered to run consecutively. The sole issue argued on appeal is that the procedure used at a pretrial photographic identification of appellant by the rape victims was so impermissibly suggestive that it tainted the in-court identification of appellant. Consequently, the court should have suppressed the in-court and the pretrial identification of appellant. Appellant's argument is directed at the imperfection or inadequacy of the pretrial identification procedure.

The two rape victims were walking across a Mississippi River bridge sometime about midnight when a black male came from behind them, put an arm around each girl's neck, stated he had a gun, and ordered them to continue walking with him or he would kill them. The bridge was well lighted and the three apparently walked some distance to the end of the bridge in Arkansas. The rapes took place there underneath a dark portion of the bridge. One month after the rapes, the two girls were shown six photographs by a police officer. They were sitting at table approximately three feet from each other when each looked at the photographs. They were instructed by the officer not to communicate or indicate their choice to each other. The first girl complied. The pictures were then passed to the second girl. The first girl then stood behind the second girl. When the second girl almost instantly announced her choice, the first girl said that was her choice also. However, there was conflicting

testimony at the pretrial hearing conducted on the appellant's motion to suppress the identification. The second girl said that she saw the first girl select two pictures, neither of which was the defendant. The first girl disagreed. She explained that although she had selected two possibilities, one of them was the defendant, and before the second girl announced her choice, she had already made up her mind which one of the photographs depicted her attacker. The thrust of appellant's argument is that the identification by the second girl suggested an identification to the first girl, making the photographic lineup impermissibly suggestive and thereby tainting the in-court identification of appellant.

Any conflict in the testimony of the witnesses was for the trial court to resolve. The trial court obviously accepted the version or the testimony of the first girl. We have held that a trial court's decision on the admissibility and reliability of an identification will not be reversed unless, under the totality of the circumstances, it is clearly erroneous. *Glover* v. *State*, 276 Ark. 253, 633 S.W.2d 706 (1982); *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1983); and *Harrison* v. *State*, 276 Ark. 469, 637 S.W.2d 549 (1982). In *Glover* we also said that "[a]t a hearing on a motion to suppress the trial judge must first determine the reliability of identification"; and the reliability of the evidence "is the linchpin in determining its admissibility." Further, in assessing reliability, there are several factors to be considered:

> We have articulated several factors to be considered in assessing reliability. They include: prior opportunity of the victims to observe the crime and its perpetrator; the lapse of time between the crime and the lineup procedures; discrepancies between descriptions given the police and the defendant's actual description; the occurrence of pretrial misidentification; the certainty of the witness in identifying the accused; the facts and circumstances regarding the identification and all matters relating to the identification.

The pretrial identification procedure occurred about a month following the alleged offenses. The testimony

showed that when the victims were walking across the Arkansas portion of the bridge span, a black man overtook them; he walked in between the two girls for several minutes; he was "clearly" visible to the victims; the three conversed with the occupants of a passing car when it stopped and inquiry was made about the need for assistance; a third person who knew the defendant from high school testified that he saw the appellant in the area about the time of the attacks, and he was able to identify the appellant as the man described by the two girls shortly after the attack. Although the simultaneous viewing of photographs, as here, by two witnesses is an issue of first impression in Arkansas, it has been ruled on elsewhere. In *United States ex rel Smith* v. *Redman*, 414 F. Supp. 61 (D.C. 1976), the court said that although "simultaneous viewing of one suspect by several witnesses should be avoided, . . . under the circumstances of this case, the Court cannot conclude that the method employed for identification was constitutionally impermissible." Likewise, we think the simultaneous viewing of photographs should be avoided. However, under the totality of the circumstances, we cannot say that the trial court's refusal to suppress the pre-trial identification as being impermissibly suggestive is clearly erroneous.

We have considered all objections brought to our attention which were decided adversely to appellant. Ark. Sup. Ct. R. 11 (f). We find that none were prejudicial to appellant.

Affirmed.