Bryant WHITT *v.* STATE of Arkansas

CR 83-111                                    664 S.W.2d 876

Supreme Court of Arkansas
Opinion delivered February 27, 1984

*Steve DeMott* and *Steve Beck,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. On November 5, 1982, the Southwest Federal Savings and Loan Association of Gurdon was robbed of $886. An employee, Mrs. Wanda Clark, was taken as a hostage and left on the edge of Gurdon locked in the trunk of her car. Appellant was charged and convicted of aggravated robbery and kidnapping. As an habitual criminal, he received a sentence of sixty years on the robbery charge and life on the kidnapping charge, the sentences to

run consecutively. Four points are argued on appeal, but we find no error.

Appellant claims his in—court identification was tainted by suggestive photographic and formal lineup procedures. He contends 1) the photo lineup was improper because Mrs. Clark was first shown only one photograph, that of appellant, whom she could not positively identify, but was then predisposed to choose the appellant several days later from a six-photo lineup and later still in a formal physical lineup; and 2) the victim's initial description to the police differed from appellant's actual description.

We addressed the admissibility of in-court identification recently in *Hogan* v. *State,* 280 Ark. 287, 657 S.W.2d 534 (1983) and repeated the standard, i.e. that reliability of the evidence is the key in determining the admissibility of such in-court identification and we will not reverse unless from a totality of the circumstances clear error has occurred. Several factors are significant in weighing reliability: prior opportunity of the victim to observe the crime and its perpetrator; lapse of time between the crime and the lineup proceedings; discrepancies between descriptions given the police and the actual description of the suspect; certainty of the witness in identification of the accused; facts and circumstances regarding the identification and all matters relating to the identification. The arguments the appellant raises do not amount to suggestive procedures when all of the factors are known and we find neither the first single photo identification nor the victim's initial doubt enough to taint the in-court testimony.

Mrs. Clark observed the appellant in the bank for some five minutes and then for ten to fifteen minutes in broad daylight while she was with him in the car. After she was released she was questioned by the police and at 10:30 p.m. she took a tranquilizer and went to bed. She was awakened by the police at 1:00 a.m. and shown a picture of the appellant taken about three years earlier. She declined to attempt identification at that early hour, but thirteen days later she had no trouble picking appellant out of a six-photo lineup, when shown a photograph taken only two weeks

before the robbery.

We dismiss as inconsequential any significance in the uncertainty of the early morning identification, considering the circumstances. *Martinez* v. *State,* 269 Ark. 231, 601 S.W.2d 576 (1980). Mrs. Clark thought she observed differences in the two photographs and we cannot say, in comparing them, that her perception was faulty. They were taken three years apart, and it was the later photograph that she readily identified in the six-photo lineup. We are not persuaded that seeing the original first, viewed under stressful circumstances, clearly influenced her identification. The trial court may have given greater weight to the fact that she had spent fifteen to twenty minutes observing the appellant and had positively identified him from a recent photograph and a formal, physical lineup. She later testified that her identification in the physical lineup was based on her memory of the robbery. Mrs. Clark testified that appellant had been in the bank on November 3, to change a twenty dollar bill and this testimony was corroborated by other proof.

Appellant's contention that there are discrepancies in Mrs. Clark's initial description of the robber is without substance. She said he was fifty to fifty-five years old, whereas appellant is forty-three, and that he had salt and pepper hair, whereas appellant's hair is brown. But we do not regard those as material differences, particularly after reviewing the photos. During the time Mrs. Clark observed him, his head was covered by a cap pulled down to his ears and there was testimony that he had been gray at the temples. Reviewing the reliability of the evidence under the totality of the circumstances we find no error in the admission of the in-court identification.

Appellant also contends the trial court should have granted his motion to reduce the penalty ranges of the kidnapping offense from a class Y felony to a class B felony under Ark. Stat. Ann. § 41-1702 (2), which reads:

Kidnapping is a class Y felony, except that if the defendant shows by a preponderance of the evidence that he or an accomplice voluntarily released the

person restrained alive and in a safe place prior to trial, it is a class B felony.

The argument lacks merit. Mrs. Clark was not released. Nor was she left in what might be reasonably characterized as a "safe place." She was locked in the trunk of her car, which does not bring the case within the wording of the statute. The trial court did not err in refusing the motion on these undisputed facts. On the same reasoning, we reject appellant's argument that the jury should have been instructed under AMCI 1702-P, because there was no evidence to support appellant's theory that Mrs. Clark was released alive and in a safe place. See *Davis* v. *State,* 246 Ark. 838, 440 S.W.2d 244 (1969).

Appellant's final point for reversal questions the sufficiency of the evidence. The defense offered proof that he was elsewhere when these crimes were committed, but the state presented the testimony of Mrs. Clark, who witnessed the crime and identified the appellant as the man who robbed and kidnapped her, and that constituted substantial evidence. See *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980).

Finding no error, we affirm the judgment.