Jackie PARKS *v.* STATE of Arkansas

CA CR 83-188                                    669 S.W.2d 496

Court of Appeals of Arkansas
Division II
Opinion delivered May 23, 1984

*John A. Buckley, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Dep. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Jackie Parks was found guilty of two counts of violation of the Controlled Substances Act. He was sentenced to a term of six years in the Department of Correction on one count and was fined $1,000 on the second one. He appeals only from the first conviction.

The appellant first contends that the trial court erred in denying his motion to sever the offenses and subjecting him to one trial on both counts. We do not agree.

Appellant was charged in separate informations with having violated the Controlled Substances Act by selling marijuana on October 20, 1982 and on October 29, 1982. The record does not contain the Information or any earlier pleadings concerning the charge growing out of the October 20th transaction which might have been filed prior to the date of arraignment on April 15, 1983. Although the record does contain the order of consolidation of the two cases it is clear that at least by the date of arraignment the cases had been consolidated and set for trial on May 9, 1983.

On the morning of trial, after the jury had been qualified and sworn, the appellant orally moved to sever the offenses. The court ruled that in its discretion it had consolidated the cases for trial and denied the motion to sever as untimely made. The appellant contends that this was error because there was no evidence that the two offenses

were part of a single scheme and that they had been joined for trial solely on the ground that they were of the same or similar character. This argument was not made to the trial court, where no basis for the severance was asserted.

A.R.Cr.P. Rule 22.1(a) requires such a motion to be made before trial, or at the close of all the evidence if based upon a ground not previously known, and further provides that severance is waived if the motion is not made at the appropriate time. The record reflects that the fact that these two cases had been consolidated for trial was known to the appellant at least thirty-four days before the date of trial. He had full access to the prosecuting attorney's files on both counts. No pretrial motion for severance was made. Appellant did not make his motion until the morning of the trial and after the jury had been qualified and sworn. It is well settled that the trial court's action with regard to matters of severance lies within the sound discretion of the trial judge and will not be reversed absent a showing of abuse. *Brown* v. *State,* 5 Ark. App. 181, 636 S.W.2d 286 (1982); *Hallman & Martin* v. *State,* 264 Ark. 900, 575 S.W.2d 688 (1979).

Furthermore, A.R.Cr.P. Rule 22.1(b) provides that if a pretrial motion for severance is overruled the appellant may renew the motion on the same grounds before or at the close of all of the evidence and the argument is waived by failure to renew the motion. At the time the oral motion was made there had been nothing presented to the court on which a determination of whether the two offenses were or were not part of a single plan or scheme could have been made. After evidence was presented on which the court might have made the finding there was no renewal of the motion. We find no error or abuse of the trial court's discretion.

On April 15th the cases had been set for trial on Monday, May 9, 1983. On Friday, May 5 the appellant filed a motion to have the State disclose the identity of the confidential informant who had been working with the police officers in several transactions including those with the appellant. No action was taken on that motion until after the jury had been qualified and sworn. At that time the

appellant presented his motion contending that the State should be required to disclose the identity of the confidential informant. The court noted that such matters should be taken up long before the day of trial and empanelling of the jury and denied the motion as untimely. Appellant did not move for a continuance on this basis.

The question of whether and under what circumstances disclosure of the identity of a confidential informant is required has been before the courts on many occasions. *State v. Lechner,* 262 Ark. 401, 557 S.W.2d 195 (1977); *Brothers v. State,* 261 Ark. 64, 546 S.W.2d 715 (1977); *Hooper & Westlin v. State,* 257 Ark. 103, 514 S.W.2d 394 (1974); *West v. State,* 255 Ark. 668, 501 S.W.2d 771 (1973); *Roviaro v. United States,* 353 U.S. 53 (1957). Often this determination is based on whether the informant was present or participated in the illegal act or merely furnished information of criminal activity to law enforcement officers. The testimony of an informant who has been a witness or participant in the illegal activity may in most cases be the only means by which the accused can amplify, modify or contradict the testimony of a prosecuting witness and therefore may be essential to the preparation of a defense. Where the informant merely furnished information to the officers and has no knowledge of the facts and circumstances surrounding the arrest or illegal activity, his testimony in most cases may be neither relevant nor helpful to the defense.

The cases make it clear that there is no fixed or inflexible rule for determining whether disclosure should be required. That determination requires a balancing of the public interest in continued communication resepcting illegal activities by preserving anonymity, against the rights of the accused to prepare an adequate defense. It must depend on the particular circumstances of each case and generally disclosure is required when those circumstances reveal that the informant's testimony may be relevant and helpful to the defense.

In the particular circumstances of this case we would find no error in the court's determination that this informant possessed no knowledge which was vital to the

appellant's defense. and that he was not a participant in or witness to the illegal activity. The record reflects that the police officer who testified was engaged in an undercover narcotics operation in the Texarkana area utilizing information from a confidential informant paid by the Miller County Sheriff's Office. He made contact with persons suspected of engaging in illegal activities through Johnny Sams who did not know that the other two were involved in law enforcement.

On October 29, 1982 Sams "set up a buy" for the officer from the appellant which was to take place in appellant's apartment. The confidential informant was not present when Sams made these arrangements with the appellant but was informed of them by Sams. The informant then relayed this information to the officer by telephone. The officer and Sams went to appellant's apartment and negotiated the purchase of a quarter pound of marijuana for $140. Appellant then made a telephone call and informed the officer that the marijuana would be delivered to his apartment "right away." Sams and the officer waited for the delivery and when it did not arrive within a reasonable time they left and returned to the confidential informant's apartment to wait for a call from the appellant. After waiting there for a period of time the officer and informant left the apartment and drove downtown for purposes which were not shown to have been connected with the appellant. While en route they passed a vehicle occupied by three persons, one of whom was the appellant, who signaled to the officer to stop in a parking lot. On the parking lot the informant walked over to the other vehicle and engaged the two occupants in conversation. The appellant walked over to the officer's car, got in the back seat with the officer and delivered the marijuana in exchange for the agreed price.

The confidential informant was not present in appellant's apartment when the sale was negotiated. He neither witnessed nor participated in those discussions in that part of the transaction but merely furnished information about it to the officer by telephone. At the time the transaction was consummated the informant was not present but was engaged in conversation elsewhere. There was no evidence

that he witnessed the transaction or participated in it in any way. In the particular circumstances of the case we find no error in the court's ruling.

At the same time the motion to disclose was presented, appellant orally moved for a continuance on the ground of inability to communicate with the appellant for preparation for trial. The appellant contends that it was error for the court to overrule that motion. We do not agree. Counsel stated that he had attempted to contact the appellant several times but had only been able to contact him on one occasion. He stated that he believed the appellant was reluctant to contact him because his fees had not been paid and that the first opportunity he had to discuss the case with appellant was on the morning of trial.

Whether to grant a continuance is a matter lying within the sound discretion of the trial court and will not be overturned on appeal absent a showing of clear abuse of discretion. The burden lies with the appellant to demonstrate both the abuse and resulting prejudice. *Walls* v. *State,* 8 Ark. App. 315, 652 S.W.2d 37 (1983), aff'd 280 Ark. 291, 658 S.W.2d 362 (1983); *Russell & Davis* v. *State,* 262 Ark. 447, 559 S.W.2d 7 (1977). It is noted here that the failure of communication was brought about by the appellant himself. Nor did the appellant support his request for a continuance with any information regarding additional witnesses or evidence which might have been developed with more time. It has also been held that the fact that the motion is not made until the day of trial is an important consideration. *Tyler* v. *State,* 265 Ark. 822, 581 S.W.2d 328 (1979). We find no error in the trial court's ruling.

During cross-examination of one of the police officers the witness testified that Sams and the confidential informant involved in this case had arranged drug transactions with two or three other persons. The court sustained an objection to a question seeking the identity of those other persons. Appellant then asked the officer if he made buys from the other person. The trial court sustained the objection to that question. The appellant argues that he was attempting to show the jury that appellant's role in the drug

transactions was minor compared to that of the informant. We agree with the trial court that this was not relevant to any issue in the case or to the credibility of any witness or to the weight to be accorded to his testimony. The fact that other persons were more deeply involved in violation of the controlled substances law is wholly irrelevant to the issue of the guilt or innocence of the appellant.

The court also sustained an objection during cross-examination of the police officer as to the criminal record of Sams. He argued that this was material to his credibility and prevented the jury from hearing evidence related to the defense of entrapment. Sams did not testify and his credibility was not in issue. The only evidence of guilt presented was from the police officers involved in the actual transaction. Nor would the fact that the informant had been previously convicted of unrelated felonies be relevant to his conduct with regard to the defendant or probative on any issue surrounding the defense of entrapment.

During the direct examination of the police officer defense counsel objected several times to the witness's testifying in narrative form. These objections were over-ruled. The record discloses that the answers referred to were in response to questions as to what discussions took place between the officer and the appellant at the time the purchase of the marijuana was negotiated. During the argument on objections the prosecuting attorney stated that he was "getting a little tired of Mr. Buckley's running the court in trying to order the prosecution on how to answer questions, what to do and what is not proper." Appellant contends that the trial court should have granted his motion for mistrial. The trial court is afforded wide discretion in controlling examination of witnesses during the course of the trial and may permit narrative testimony that will expedite the trial and create no prejudice. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980); 98 C.J.S. *Witnesses* § 325 (1957). The granting of a mistrial is a drastic remedy and should be granted only when justice cannot be accomplished by continuing the trial. It is a discretionary matter and we cannot say that the judge abused that discretion. *King* v. *State*, 9 Ark. App. 295, 658 S.W.2d 434 (1983). The

remarks here were no more than that usually unnecessary banter which counsel often feel compelled to engage in. *Swaite* v. *State,* 274 Ark. 154, 623 S.W.2d 176 (1981). If appellant felt that the trial court should have admonished the jury to disregard the statement he should have asked the court to do so but he did not.

Appellant next contends that the trial court erred in refusing to give his proffered instruction on entrapment. We conclude that the trial court ruled properly because the appellant failed to proffer a complete instruction and because the evidence did not support the giving of an instruction on that defense. Appellant offered an instruction containing the language of AMCI 4009 which did give an accurate definition of the defense of entrapment and told the jury that the defense must be proved by a preponderance of the evidence, but it did not contain a definition of preponderance of the evidence and failed to advise the jury how to weigh the evidence of an affirmative defense in light of the State's burden of proof. A party may not complain of the refusal of a trial court to give an instruction which is only partially correct as it is his duty to submit a wholly correct one. *Johnson* v. *State,* 6 Ark. App. 342, 642 S.W.2d 324 (1982); *Ellis* v. *State,* 267 Ark. 690, 590 S.W.2d 309 (Ark. App. 1979); *Moser* v. *State,* 262 Ark. 329, 557 S.W.2d 385 (1977).

Appellant did not testify and there was no other evidence of any acts constituting entrapment. To warrant the giving of the instruction there must be some evidence on which the jury could find that the officers or the confidential informant had induced the commission of the crime by persuasion or other means. Based on the State's evidence the narcotics officer acted on information supplied to him by an informant that the apellant would sell him marijuana. There is nothing in the record indicating that either the officer or the informant induced or persuaded the appellant to sell. To the contrary the evidence clearly indicates that the appellant was ready, willing and able to make the sale and was merely afforded the opportunity. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. *Harper* v. *State,* 7 Ark. App. 28, 643 S.W.2d 585 (1982).

During closing arguments the prosecuting attorney argued the fact that a drug dealer may be "part of a ring" in the sense that he goes and gets the substance from somebody else does not make him any less guilty. The appellant contends that this was reversible error because the argument was not supported by evidence of a "ring" and that the court in overruling the objection gave the argument the endorsement of the court. We do not agree.

Throughout the trial appellant attempted to show that there were people involved in these transactions other than himself and even argued that he was not the owner of the marijuana but was only the delivery person. In his argument to the jury appellant's counsel emphasized the fact that on the two occasions in which the police officers came to appellant's house he had no marijuana and "was sitting in his house minding his own business." He argued that he had to go to someone else's house to get it and bring it back to consummate the sale. He further argued that the informants who set up the sale had not been arrested and that the appellant was "what you call a conduit or an agent" just like Sams or the confidential informant who were not charged. He further argued that where the appellant had no marijuana when first contacted "if Jackie had had the marijuana, they would have gotten it two hours ago. This marijuana came from someone else." Under the circumstances the State's rebuttal argument would appear to be proper and invited by defense counsel's remarks. *Orsini* v. *State,* 281 Ark. 348, 665 S.W.2d 245 (1984).

Furthermore there was no request for a mistrial or an admonition to the jury at the time the objection was made. It was noted from the record that the jury was instructed by the court that remarks of counsel were not evidence. The appellant has demonstrated no prejudice resulting from the argument.

After the jury had retired to consider its verdict it returned a finding of guilty in both cases. The jury was polled and excused. The trial court sentenced the appellant in accordance with the jury's verdicts. After pronouncing that sentence the trial court stated that the appellant

was fortunate that the jury had not been aware of prior convictions for aggravated robbery, negligent homicide and theft by receiving. It was then established by appellant's counsel that he had only been convicted of the robbery charge and that the theft by receiving charge had been dismissed. There was no conviction for negligent homicide. Appellant argues that this remark was critical of the verdict and an indication that the court felt the jury should have imposed a heavier sentence. We attach no such meaning to his statement. Furthermore defense counsel did not object to the court's remarks. He also argues that the court did not ask appellant if he had any legal cause to show why judgment should not be pronounced against him as provided in Ark. Stat. Ann. § 43-2303 (Repl. 1977). These issues were not raised in the trial court and may not be raised here in accordance with our established rule. *Brown* v. *State,* supra.

Affirmed.

COOPER and CLONINGER, JJ., agree.