Donald WEBSTER *v.* STATE of Arkansas

CR 84-59                                          680 S.W.2d 906

Supreme Court of Arkansas
Opinion delivered December 10, 1984

*Raymond R. Abramson,* for appellant.

*Steve Clark,* Att'y Gen., by: *Jack Gillean,* Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant Donald Webster was found guilty by a jury of aggravated robbery, burglary and theft of property. The trial court set aside the judgment on the theft charge and sentenced appellant to consecutive prison terms of 40 years and 6 years. Appellant brings this appeal.

Pursuant to *Anders* v. *California,* 386 U.S. 738 (1967), appellant's counsel has filed a motion to be relieved and a brief stating there is no merit to the appeal. Appellant was notified of his right to file a pro se brief within 30 days. *See* Rules of the Supreme Court, Rule 11 (h), Ark. Stat. Ann. Vol. 3A (Supp. 1983). He did not file a brief. The state concurs that the appeal has no merit.

After midnight on March 13, 1983, a Brinkley couple were awakened by a man standing in the door of their bedroom. The man, who was armed with a knife, demanded money. The couple later identified appellant as the man who had robbed them.

A venireman was excused by the court on the ground that his religious scruples might interefere with his willingness to consider the full range of penalties set by the law. Another prospective juror was excused on the ground that she was evasive in her responses and expressed the intention to do things her way rather than conform to the law. Appellant objected that he was being denied a cross-section of the community as jurors and requested a mistrial. He also charged that the court had unfairly limited voir dire so as to eliminate questions to veniremen about how much credibility they would deem a particular witness to have.

It is well settled that the question of a juror's quali-fication lies within the sound judicial discretion of the trial judge and that the appellant has the burden of showing the prospective juror to be unqualified. That discretion will not be disturbed unless it is abused. *Beed* v. *State,* 271 Ark. 526,

609 S.W.2d 898 (1980). We find no abuse of discretion here. Both jurors had expressed reservations about their ability to conform to the law. An accused is not entitled to a jury with persons who may not be able for whatever reason to follow the instructions of the court. Where the veniremen's answers are tentative or equivocal, the trial court is in a better position than the appellate court to gauge the attitude of the prospective jurors and decide whether each will weigh the evidence and, if appropriate, consider the penalties provided by law. *Clines* v. *State*, 280 Ark. 77, 656 S.W.2d 684 (1983).

There was also no abuse of discretion in the court's refusal to allow specific questions in voir dire about the credibility of witnesses expected to testify at trial. The trial court may limit questioning once it is established that a juror is or is not qualified. *See Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982). Appellant's general objection to the limits placed on his voir dire was not sufficient to establish that he was forced to accept any unqualified juror.

Appellant asked that the state be precluded from using a prior felony conviction to impeach him if he testified. It was argued that Ark. Stat. Ann. § 28-1001, Rule 609, required the trial judge to exercise discretion and weigh the prejudicial effect the prior conviction could have against its probative value. Since the conviction was for grand larceny, a crime involving dishonesty, Rule 609 does not require that the trial court consider the prejudicial effect the use of such conviction may have. *James* v. *State*, 274 Ark. 162, 622 S.W.2d 669 (1981). Such consideration is required only when a prior conviction is admissible because of the seriousness of the offense and the offense does not involve dishonesty.

After the defense had pronounced itself ready for trial and the jury had been impaneled, appellant requested a continuance to secure the appearance of a "material" witness. The motion was denied. The decision to grant or deny a continuance is a matter within the trial court's discretion. The decision will not be reversed on appeal absent an abuse of that discretion. *Kellensworth* v. *State*, 278 Ark. 261, 644 S.W.2d 933 (1983). Appellant here had ample time to prepare for trial and subpoena witnesses. Moreover,

he gave no specific reason for requiring the witness's testimony. The burden is on the appellant to demonstrate that the trial court erred in refusing to grant the continuance. *Stephens* v. *State,* 277 Ark. 113, 640 S.W.2d 94 (1982). Appellant has not met that burden.

Appellant filed a motion to suppress evidence of a lineup. The motion was denied, but since no evidence of the lineup was introduced at trial, no prejudice could have accrued as a result of the ruling.

The court also denied appellant's motion that he be allowed to sit somewhere in the courtroom besides at the counsel table when the victims were asked to make an in-court identification of their assailant. The apparent basis for the request was the possibility that the in-court identification would be less reliable if the defendant were seated in the place where a defendant ordinarily sits.

The trial judge may control the seating arrangement in the courtroom. Unless appellant suffered some prejudice as a result of being seated with counsel, he has no ground for complaint. *See Berna* v. *State,* 282 Ark. 563, 670 S.W.2d 435 (1984). Reliability of the in-court identification is the key in determining its admissibility. The appellate court will not hold an in-court identification inadmissible without a showing from a totality of the circumstances that clear error occurred. *Whitt* v. *State,* 281 Ark. 466, 664 S.W.2d 876 (1984). Here, the victims saw the man for several minutes and were able to describe him to the police. Their in-court identification was positive. When the totality of the circumstances is considered, it was not clearly error to admit the in-court identification. The location of the appellant in the courtroom was not enough to taint the evidence and make it unreliable.

Appellant moved to quash the arrest warrant on the ground it did not specifically name him as having committed the crime. Appellant did not claim that any evidence should be suppressed by virtue of an illegal arrest. Even if the original arrest warrant were defective, a flaw in the manner of arrest is not sufficient cause to set aside a

judgment of conviction. *Singleton* v. *State*, 256 Ark. 756, 510 S.W.2d 283 (1974).

After the jury was empaneled, defense counsel informed the court that appellant desired new counsel. Appellant explained that he also wanted a different judge and prosecutor because the judge was a Nazi and a Klansman and the prosecutor was a German. He implied that because his counsel was Jewish, he could not receive a fair trial. Appellant was unable to point to any specific instances of bias on the part of the court or prosecutor or incompetence on the part of appointed counsel. An accused is guaranteed a fair trial with competent counsel, not a trial that meets with his approval. *See Urquhart* v. *State*, 275 Ark. 486, 631 S.W.2d 304 (1982).

From a review of the record and briefs before this Court, we find the appeal to be without merit. Accordingly, counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed.