Benjamin PHILLIPS *v.* STATE of Arkansas

CA CR 85-131                                    703 S.W.2d 471

Court of Appeals of Arkansas
Division II
Opinion delivered February 12, 1986

*Gregory E. Bryant*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, for appellee.

TOM GLAZE, Judge. Appellant was convicted, by the trial court sitting as a jury, of robbery and sentenced to twenty years in the Arkansas Department of Correction. He appeals his conviction based on three alleged errors committed by the trial court, and argues that his probation was improperly revoked. We affirm.

Appellant's first point for reversal is that no robbery was proved because there was insufficient evidence that a theft of property occurred. He argues that, because he was unaware of the acts of his female companion, he cannot be held liable for her actions.

On October 22, 1983, a store clerk observed appellant and a woman, whom the clerk previously had watched for shoplifting, coming into the dress department and walking around together. The woman took one dress into a dressing room and then, before she would have had time to try it on, came out with it, and went back in with at least three dresses. The clerk said the woman was carrying the dresses as if she were trying to hide them, so the clerk called the store's security. When the woman came out with only

two dresses, the clerk checked the dressing room and found nothing. She alerted the security officer, an off-duty policeman, and when appellant and the woman left the store, he followed them outside. The officer testified he stopped them in the parking lot, identified himself as a police officer, and asked for identification. Appellant produced his driver's license but the woman had none. The officer asked them to accompany him back into the store. When they refused, he testified that he told them they were under arrest for shoplifting. Appellant and the woman began cursing, and when she started walking away, the officer said he grabbed her by the arm and attempted to place a handcuff on her. She then jerked away, and a scuffle ensued between appellant and the officer. The officer, who was pinned to the ground, was then assisted by an on-looker who got between the woman and the officer's gun. Another police officer arrived, and appellant was handcuffed and taken into custody. The woman escaped, but two dresses were found on the parking lot, about ten feet from where appellant was arrested.

Appellant's version of the events was almost in total conflict. He testified that he did not really know the woman, and that he was just giving her a ride to the store where she said she needed to pay a bill. After waiting for her in his car for about thirty to forty minutes, he said he went into the store, found her, and told her he needed to leave because he had to meet someone. He denied being with her in the dress department, and said he did not see her conceal any dresses. Appellant said he became involved in the scuffle with the officer when the officer grabbed the woman's arm and pushed it behind her, grabbed the back of her neck, and slammed her into the car. He said he and the officer exchanged words, and then the fight began.

■■ On appeal in criminal cases, we view the evidence in the light most favorable to the appellee, and, whether tried by judge or jury, we will affirm if there is substantial evidence to support the finding of the trier of fact. *Harris* v. *State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985). Substantial evidence is that evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other; it must force or induce the mind to pass beyond a suspicion or conjecture. *Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984).

■ When two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979). Each participant is criminally liable, ultimately, for his own conduct, but he cannot disclaim responsibility because he did not personally take part in every act that went to make up the crime as a whole. *Id.*

■ The State's evidence tended to show that appellant accompanied his female companion into the dress department. They left the department and store together, and refused to come back into the store after the officer accused them of theft. Appellant wrestled with the officer, permitting the woman to escape, and two dresses were found within ten feet of the arrest. We hold this is substantial evidence to support the conviction of robbery.

■ Secondly, appellant contends that the security officer had no knowledge that would give rise to the shoplifting presumption. We cannot agree. Ark. Stat. Ann. § 41-2202(2) (Repl. 1977) provides that the knowing concealment, upon his person or the person of another, of unpurchased goods or merchandise offered for sale by any store or business creates a presumption that the actor took the goods with the purpose of depriving the owner thereof. The State's evidence that appellant was involved in a shoplifting incident need not be restated. Suffice it to say, there was sufficient evidence placing appellant on the premises with the woman to give rise to the necessary presumption.

Appellant further argues that Ark. Stat. Ann. § 41-2251 (Supp. 1985) is unconstitutional because it allows a private individual to make a *Terry* stop.[1] This issue need not be addressed.

■ First of all, appellant cites no cases, other than *Terry* v. *Ohio*, 392 U.S. 1 (1968), and makes no convincing argument on this subpoint. Secondly, he does not claim that any evidence should be suppressed, and a flaw in the manner of arrest is not

---

[1] Section 41-2251 provides that a person who engages in conduct that gives rise to the shoplifting presumption may be detained for a reasonable time and in a reasonable manner by a peace officer or a merchant or a merchant's employee.

sufficient cause to set aside a judgment of conviction. *Webster* v. *State*, 284 Ark. 206, 680 S.W.2d 906 (1984).

Appellant's third point for reversal is that the trial court erred in refusing to grant him a continuance on the day of trial. Appellant was charged on October 31, 1983, and the public defender was appointed as counsel. On January 8, 1985, appellant visited with another attorney, Mr. Bryant, about representing him, and about ten days before trial, appellant again mentioned to Bryant that he wanted to hire him. Mr. Bryant agreed, provided appellant could pay him a retainer. On April 8, 1985, the day of trial, appellant requested to substitute Bryant as counsel and asked for a twenty-four hour continuance, due to the late entry of counsel. The court granted his request to substitute counsel, but denied his motion for a continuance.

■ Whether to grant a continuance is a matter lying within the sound discretion of the trial court and will not be overturned absent a showing of clear abuse of discretion. *Berry* v. *State*, 278 Ark. 578, 647 S.W.2d 453 (1983); *Parks* v. *State*, 11 Ark. App. 238, 669 S.W.2d 496 (1984). The burden lies with the appellant to demonstrate both the abuse and resulting prejudice. *Id.*

■ In denying the motion for a continuance, the judge noted that the witnesses were present and ready for trial. There is no indication in the record nor does appellant allege any prejudice from the denial of his motion for a continuance. We find no abuse of discretion, and therefore, uphold the denial of the motion.

Finally, appellant contends that he did not waive the sixty-day requirement imposed in a revocation hearing pursuant to Ark. Stat. Ann. § 41-1209(2) (Repl. 1977). Consequently, he argues, the trial court erred in revoking his probation.[2]

■ Section 41-1209(2) provides that a suspension or probation shall not be revoked except after a revocation hearing, and that such hearing must be held within a reasonable time after defendant's arrest, not to exceed sixty days.

---

[2] While appellant argues that his *probation* was improperly revoked, we note from the record that it was suspended sentences that were revoked by the State. Appellant was sentenced to probation on a federal charge, and that probation was revoked previously, for reasons other than the robbery charge.

Appellant was charged with violating the terms of his suspended sentences on November 3, 1983. On July 12, 1984, he appeared and entered a plea of not guilty to the robbery charge. The following exchange also took place:

> The Court: And these other four, I believe, are revocations. Do you wish to enter a plea of not guilty on those also?

> Mr. Allen: We plead not guilty to those, Your Honor. We would waive the 60-day requirement, and ask that they be set the same day as the jury trial.

On appeal, appellant argues that he did not know he had a right to a revocation hearing within sixty days of his arrest, and that he did not *personally* waive the requirement. He contends that his right to a hearing within sixty days is a fundamental right guaranteed by the fourteenth amendment of the United States Constitution. The State argues, however, that while the right to a hearing before probation or parole can be revoked is a constitutionally protected right which cannot be waived without prior consent of the defendant, the sixty-day requirement is only a statutory rule of procedure. As long as the defendant is afforded a hearing and has a reasonable time to prepare, there is no violation of his right to due process. We agree with the State.

Appellant's suspended sentences were revoked after a full trial and verdict of guilty on the robbery charge. Thus, there is no question that he was afforded his due process rights before the revocation decision was made. In addition, the appellant suffered no prejudice by the revocation hearing not being held within the sixty-day limitation because after appellant's arrest on the robbery charge, he already had been incarcerated on an unrelated charge. As the court noted in *Boone v. State*, 270 Ark. 83, 603 S.W.2d 410 (1980), the purpose of the sixty-day limitation period is to assure that a defendant is not detained in jail for an unreasonable time awaiting his revocation hearing. When he is already serving time on another charge, the limitation loses its meaning. That was the case here.

Furthermore, appellant's attorney's waiver of the sixty-day requirement was consistent with the American Bar Association's "Standards Relating to Probation." In *Haskins* v.

*State*, 264 Ark. 454, 572 S.W.2d 411 (1978), the court noted that the standards recommend that a revocation proceeding based solely upon the commission of another crime not be initiated until after the disposition of the other charge. The court went on to state that the prosecutor and defendant may prefer that action on the revocation petition be deferred until a decision has been reached in the other case. That is exactly what happened here.

Appellant has not demonstrated how he was jeopardized by his counsel's action nor from our review do we find any prejudice.

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.