
SLIP OPINION

Cite as 2013 Ark. App. 510

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-12-1013

| | |
|---|---|
| GECOBA LEQUIS TILSON | **Opinion Delivered** September 18, 2013 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-09-984] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Gecoba Tilson appeals his Faulkner County jury convictions of two counts of aggravated robbery, one count of felony theft of property, and one count of misdemeanor theft of property, along with a firearm enhancement, for his role in a robbery at the Tobacco Superstore in Conway, Arkansas, in August 2009. We affirm.

The only issue on appeal is whether the trial court erred in allowing the store manager, Dana Clark, to identify Tilson at trial. Tilson claims that Clark's in-court identification was unreliable given (1) her inability to completely see her assailant's face during the robbery, (2) the passage of time between the incident and the in-court identification, and (3) the suggestiveness of the in-court identification procedure in which the only potential suspect is seated at counsel table. Tilson asserts that the admission of this type of "unreliable" identification violated the due process protections of the Fourteenth Amendment and Article 2, section 8, of the Arkansas constitution. His claims fail.

First, to the extent Tilson is arguing that the in-court identification violated his federal and state constitutional rights to due process, he did not raise these specific arguments below and cannot do so now. Prior to trial, defense counsel moved in limine to prevent any of the witnesses from identifying Gecoba Tilson in court, arguing that, because Tilson would be seated at counsel table, any in-court identification would be tainted. He did not challenge the identifications on constitutional grounds. Our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had the opportunity to rule on them. *London v. State*, 354 Ark. 313, 320, 125 S.W.3d 813, 817 (2003). Our supreme court has repeatedly held that an appellant is limited by the scope and nature of the arguments and objections presented at trial, and may not change the grounds for objection on appeal. *Calloway v. State*, 368 Ark. 412, 246 S.W.3d 889 (2007).

Second, even if the trial court erred in allowing Dana Clark's in-court identification, such evidence was merely cumulative to the identification testimony by two other witnesses, Rebecca Clark and Cody Rose, whose testimony has not been challenged on appeal. Prejudice cannot be demonstrated where erroneously admitted evidence is merely cumulative to other evidence that was properly admitted. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___; *Wright v. State*, 368 Ark. 629, 249 S.W.3d 133 (2007).

Finally, Gregory Tilson's presence at counsel table did not render Dana Clark's in-court identification impermissibly suggestive. The Arkansas Supreme Court has previously held that a defendant's location at counsel table during an in-court identification did not automatically taint the identification or make it unreliable. *Webster v. State*, 284 Ark.

SLIP OPINION

SLIP OPINION

206, 680 S.W.2d 906 (1984). In *Webster,* the appellant challenged the trial court's denial of his request to sit somewhere in the courtroom besides at the counsel table when the victims were asked to make an in-court identification of their assailant. The apparent basis for the request was the possibility that the in-court identification would be less reliable if the defendant were seated in the place where a defendant ordinarily sits—the same issue as here.

The court in *Webster* stated:

> The trial judge may control the seating arrangement in the courtroom. Unless appellant suffered some prejudice as a result of being seated with counsel, he has no ground for complaint. *See Berna v. State*, 282 Ark. 563, 670 S.W.2d 434, 435 (1984). Reliability of the in-court identification is the key in determining its admissibility. The appellate court will not hold an in-court identification inadmissible without a showing from a totality of the circumstances that clear error occurred. *Whitt v. State*, 281 Ark. 466, 664 S.W.2d 876 (1984). Here, the victims saw the man for several minutes and were able to describe him to the police. Their in-court identification was positive. When the totality of the circumstances is considered, it was not clearly error to admit the in-court identification. The location of the appellant in the courtroom was not enough to taint the evidence and make it unreliable.

*Id.* At 210, 680 S.W.2d at 908.

In this case, Dana Clark was not asked by the police to identify Tilson prior to trial, and she never identified anyone else as the perpetrator. She did, however, recognize Gecoba Tilson at his codefendant's trial. She further testified that she was able to see the portion of the robbers' faces above their noses during the robbery and that Gecoba Tilson was the shorter of the two robbers—the one who stood in front of her and pointed a gun at her face. She stated that she was able to identify him because she was face to face with him during the robbery, and his image was burned into her brain. Under the totality of the circumstances, it was not clear error for the court to admit the in-court identification.



Affirmed.

GLADWIN, C.J., and GLOVER, J., agree.

*James Law Firm*, by: *Lee D. Short*, for appellee.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.