**STATE of Missouri, Respondent,**

v.

**Michael Scott BROWN, Appellant.**

**No. WD 37179.**

Missouri Court of Appeals,
Western District.

Sept. 2, 1986.

John Edward Cash, Kansas City, for appellant.

William L. Webster, Atty. Gen., Paula Fridkin, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and PRITCHARD and DIXON, JJ.

PER CURIAM.

Defendant appeals from a jury-trial conviction of stealing $150 or more, § 570.030, RSMo Supp.1984, and sentence to a three-year term of imprisonment. The issue is the sufficiency of the evidence to support the conviction.

In reviewing the sufficiency of the evidence to support the conviction, the facts in evidence and all inferences that can reasonably be drawn from the evidence must be viewed in the light most favorable to the verdict, and all contrary evidence and inferences disregarded. *State v. Brown*, 660 S.W.2d 694, 698, 699 (Mo. banc 1983); *State v. Hardin*, 627 S.W.2d 908, 909 (Mo.App.1982). Because review of the evidence presented by the state clearly demonstrates what the state fails to prove, we present a complete recitation of the state's evidence, together with the reasonable inferences to be drawn therefrom.

Defendant was charged with stealing by appropriating money of Farmer's National Bank on October 30, 1984. The money stolen from the bank, a bundle containing one hundred (100) $50 dollar bills, was, on the day in question, in the custody of the head teller of Farmer's National Bank, Roxy Keller.

Keller testified that the money for the day's transactions was kept on an open cart in a vault behind the teller's counter. When a teller needed more bills of a certain denomination, Keller disbursed the money to them by preparing a "ticket" to reflect the transfer of funds and then retrieving the bills from the vault. On this particular day, the cart held $16,000 in bundles of bills of various denominations, and several hundred dollars in coin, contained in bags. The cash "tickets" that Keller prepares show the time that the teller receives the money.

At 10:41 a.m. on October 30, 1984, Keller made out a ticket and retrieved some bills from the vault for one of the tellers. While she was in the vault, she saw the bundle of $50 bills. A few minutes later, Keller heard a male voice behind her. When she turned her head, she saw defendant standing in the door of the vault, with his head sticking out. Defendant was engaged in conversation with Susie Lawson, the teller at the drive-up window of the bank. Defendant's mother, Jeannette Atha, has been an employee of the bank for fifteen years, and the other employees are acquainted with defendant.

At 10:54 a.m., Keller entered the vault again to retrieve $100 bills for one of the tellers. On this visit, she discovered that the bundle of $50 bills was missing. She notified her supervisor, who shut down Keller's station and told Keller to count all of the money. The total showed that $5,000 was missing, and the other tellers were instructed to count their money and search the vault. They were unable to find the missing bills.

Keller can only see about eight inches into the vault from her station. She did not see defendant handle or remove any of the money in the vault. Several minutes after she saw defendant standing in the door of the vault, she saw him leave the bank. She testified that he did not appear to be nervous or to be in a hurry.

Susie Lawson, the teller at the drive-up window of the bank, testified that she sits with her back to the door of the vault while she is at her station. About 10:43 a.m. she saw defendant walk past her toward the vault. As he passed, he spoke to her. She turned around and saw him standing in the doorway of the vault. Defendant asked if the vault had a time lock. Lawson nodded yes and turned back to wait on a customer. When she turned around again, defendant was standing in the doorway of the vault with a bag of coins in his hands. He asked if the coins were half dollars. Lawson nodded and said, "yes," and then turned back to finish waiting on the customer. When Lawson looked around again, she tried to get Keller's attention to warn Keller that defendant was in a restricted area of the bank. At this time, defendant had left the area around the vault. Lawson did not see defendant again, or see him leave the bank.

William Felice, owner of South Side Tire in St. Joseph, Missouri, testified that defendant came into his shop on October 30, 1984, and asked for an estimate for the cost of some repairs for his vehicle. After defendant received the estimate and left the shop, defendant's mother, Atha, called

to ask the exact cost of the repairs. She told Felice that defendant was at the bank with her and that she would give defendant a check for the exact amount to pay for the work. Defendant returned a few minutes later and gave Felice the check from Atha. Defendant agreed to bring his car back and have the repair work performed on the car the next day.

Virginia Ibrahim testified that she is the manager of the Tik Tok Motel in St. Joseph, Missouri. On October 30, 1984, at approximately 12:45 p.m., defendant checked into the Tik Tok Motel. He paid Ibrahim $30.50 in cash for two days' lodging. She could not recall the denominations of the bills he gave her. At 6:00 p.m. that evening, defendant stopped by the office to ask if he had received any phone calls. The next day Ibrahim saw the police go to defendant's room and arrest him.

Detective Jim Brooke testified that he and five other police officers went to defendant's hotel room at 1:40 p.m. on October 31, 1984. The officers knocked on the door, and defendant immediately opened the door, without asking who was there. The officers informed defendant that he was under arrest. Defendant gave his consent for the officers to search the motel room. The officers found $21 in bills and some change in defendant's pockets. Defendant would not consent to a search of his vehicle. The police impounded defendant's vehicle and conducted an inventory of its contents. Brooke searched the front seats, and some of the other officers searched the back seat and the area under the hatchback. Several days after defendant was arrested, the police obtained a search warrant and conducted a thorough search of defendant's vehicle. The police were unable to find any of the missing $50 bills in the motel room, on defendant's person, or in his vehicle.

The foregoing is the sum total of the evidence presented by the state. Defendant challenges the sufficiency of the evidence to support his conviction. At the close of the state's evidence, defendant filed a motion for judgment of acquittal, arguing that the state failed to prove the elements of the offense charged in the information, that the state did not prove that the offense was committed by defendant, and that the evidence was insufficient as a matter of law to prove that defendant was guilty. The trial court overruled defendant's motion, and defendant presented evidence, including his own testimony, in which he admitted being present in the bank, but denied appropriating any money belonging to the bank.

Defendant also filed a timely motion for new trial, arguing that the evidence adduced by the state failed to establish the corpus delicti and was, therefore, insufficient as a matter of law to support his conviction. The state argues, on appeal, that defendant failed to properly preserve the issue of the sufficiency of the evidence to support his conviction, and that our review should be limited to a review for plain error under Rule 29.12(b).

Defendant's argument that the state failed to establish the corpus delicti falls under the general rubric of challenges to the sufficiency of the evidence to support a charge, and preserved the issue of sufficiency for appeal. Even were his motion not sufficient to preserve the point, because the judgment is wholly unsupported by the evidence, review for plain error under Rule 29.12(b) would be appropriate. *State v. Hardin, supra,* 627 S.W.2d at 910 (Mo.App.1982).

Defendant was charged by information with stealing by appropriating money belonging to Farmer's National Bank in violation of § 570.030, RSMo Supp.1984. Under this section, the defendant is guilty of stealing "if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion."

The state's case is totally devoid of evidence that defendant appropriated the missing money, other than arising from an inference of motive and the opportunity. The state attempted to support the inference that defendant had the motive to steal

by showing that although he was unable to pay the cost of his car repairs and asked his mother for the money, he later paid cash for a motel room. The cost of the repairs for defendant's vehicle was $116. The cost of the motel room was $30.50. Defendant's mother testified that she gave him $20 in cash when she gave him the check for the repairs. It is plausible that defendant borrowed the money from his mother to repair his vehicle even though he had enough cash to pay for the motel, but not enough for both. The motive to steal demonstrated by these circumstances is not unusually strong.

Second, the mere presence of the defendant at the scene of the crime and the opportunity on his part to have committed the offense is not sufficient circumstantial evidence to justify conviction. *State v. Allen*, 420 S.W.2d 330, 333 (Mo.1967). The state did not offer any evidence linking defendant to the theft of the money other than his presence near the money around the time the teller noticed that the money was missing. The mere fact that defendant was in the doorway of the vault shortly before the money was reported missing is a circumstance entirely consistent with his innocence, and totally insufficient to support his conviction in the absence of evidence of "other corroborating circumstances." *Id.* at 333.

When, as here, the conviction is based solely on circumstantial evidence, the facts and circumstances relied on by the state to establish the defendant's guilt must be consistent with each other, consistent with the guilt of the accused, and inconsistent with any reasonable theory of his innocence. *State v. Lee*, 556 S.W.2d 25, 32 (Mo. banc 1977), vacated on *other grounds*, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979). The facts in evidence are consistent with defendant's innocence and are not inconsistent with the theory that the money was appropriated by someone other than defendant. The tellers sit with their backs toward the entrance to the vault while they are working. Roxy Keller, who was in charge of the money, testified that on the morning the money was taken there were thirteen or fourteen other employees in the bank beside herself, who had access to the vault and who could have gone into the vault and come back out without her knowledge. Both Keller and Lawson testified that an individual who did not work for the bank could go into the vault and come back out while they were working, without their knowledge. The state offered no "corroborating circumstances" to justify conviction of defendant other than his presence in the doorway of the vault a few minutes before Keller reported that the money was missing.

No evidentiary basis exists in the record before this court to support defendant's conviction. Remand for a second trial of defendant is barred by the double jeopardy clause because reversal was necessitated by the failure of the state to present sufficient evidence to support the conviction. *Burks v. United States*, 437 U.S. 1, 10–11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978); *State v. Inman*, 578 S.W.2d 336, 338 (Mo. App.1979).

Judgment reversed and defendant ordered discharged.