Sanders McDaniel CARTER *v.* STATE of Arkansas

CR 87-209                                        748 S.W.2d 127

Supreme Court of Arkansas
Opinion delivered April 18, 1988

*William R. Simpson, Jr.*, Public Defender, *Steff Padilla*, Deputy Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. On November 18, 1986, a criminal committed the felonies of rape and aggravated robbery of the prosecutrix and the burglary of her home. During the forty to forty-five minute ordeal, the criminal, who had entered the home through a kitchen window off a deck, threatened to kill the prosecutrix with a knife, and also told her that if she called the police he would come back at a later time and slit her throat. In spite of his threat, she called the police, reported the crimes, and gave a description of the criminal. One night about a month and one-half later, on January 4, 1987, she heard someone on the deck and saw a man pass by the window. She called the police and they immediately caught the appellant on the deck. Later that day, and again at trial, she identified the appellant as the person who had committed the earlier rape, aggravated robbery, and burglary. The appellant was charged with those three felonies and was also charged with the later attempted burglary. The attempted burglary charge was severed and later dismissed. Appellant was convicted of the three felonies. We affirm the convictions.

Before trial the appellant made a motion to exclude the evidence about the later attempted burglary under A.R.E. Rule 404(b), and, at trial, repeatedly objected to the introduction of the evidence. The trial judge admitted the evidence, and the appellant contends the rulings were erroneous. The argument is without merit.

A.R.E. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admis-

sible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ Under A.R.E. Rules 404(b), quoted above, and 403, the weighing rule, evidence of other crimes will be admitted only if (1) it has independent relevance and (2) its relevance is not substantially outweighed by the danger of unfair prejudice. *Price v. State*, 268 Ark. 535, 539, 597 S.W.2d 598, 600 (1980).

■ As to the first requirement, independent relevance, this means that the evidence must be " 'relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal.' " *Id.* at 538, 597 S.W.2d at 599 (quoting *Alford* v. *State*, 223 Ark. 330, 334, 266 S.W.2d 804, 806 (1954)). Here, the evidence was admissible to show identity. The return to the original crime scene, perhaps to make good his threat to slit the prosecutrix's throat for having called the police, tends to establish that he was the same person who committed the earlier felonies.

■ As to the second requirement, that the probative value not be *substantially outweighed* by the danger of unfair prejudice, this is a balance we accord the trial judge "wide discretion in deciding, and he will not be reversed on appeal unless he has abused such discretion." *Id.* at 539, 597 S.W.2d at 600. Here, the identity of the person who committed the three felonies was the key issue. The prosecutrix identified the appellant as the person who broke into her home and raped and robbed her. The defense then cross-examined the prosecutrix and attempted to show that her identification of the defendant was flawed. In addition, the defendant's mother strongly implied that the prosecutrix was mistaken in identifying the defendant because she, the mother, testified that the defendant was at home on the night the crimes were committed. The probative value of the evidence went to identification, and we cannot say the trial judge abused his wide discretion in deciding that the probative value was not substantially outweighed by the danger of unfair prejudice.

The appellant next argues that the evidence was insufficient to support his conviction for aggravated robbery. "Aggravated robbery" is defined as follows:

(1) A person commits aggravated robbery if he commits robbery as defined in Section 2103 of Act 280 of 1975 (Arkansas Statutes Annotated 41-2103) and he:

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or

(b) inflicts or attempts to inflict death or serious physical injury upon another person.

Ark. Stat. Ann. § 41-2102(1) (Supp. 1985) [now codified with minor stylistic changes at Ark. Code Ann. § 5-12-103 (1987)].

"Robbery," a necessary element of aggravated robbery, was defined at the time of the crime as follows:

(1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

Ark. Stat. Ann. § 41-2103 (Repl. 1977) (amended in 1987 to add the words "felony or misdemeanor" before the word "theft") [amended version appears at Ark. Code Ann. § 5-12-102 (Supp. 1987)].

"Physical force" is defined as "any bodily impact, restraint, or confinement, or threat thereof." Ark. Stat. Ann. § 41-2101 (Repl. 1977) [now codified with minor stylistic changes at Ark. Code Ann. § 5-12-101 (1987)].

The appellant argues that physical force was used to commit the rape, but after that was over, no physical force was used to commit the robbery.

On appeal, we view the evidence in the light most favorable to the appellee and affirm if there is substantial evidence to support the jury finding, and " '[s]ubstantial evidence' means that the jury could have reached its conclusion without having to resort to speculation or conjecture." *Osborne* v. *State*, 278 Ark. 45, 53, 643 S.W.2d 251, 254 (1982). Here, there was substantial evidence for the jury to reach its verdict. The prosecutrix testified that the appellant threatened her with a knife, repeatedly beat her, and told her he would kill her if she did not do what he said. She believed his threat was genuine. When he

was going through her purse for money, she thought he would start hitting her again. The testimony constituted very substantial evidence that there was an immediate threat of death or serious physical injury to the prosecutrix, at least until she surrendered her money.

Pursuant to Rule 11(f) of the Rules of the Supreme Court and Court of Appeals, we state that we find no errors prejudicial to the appellant, who was sentenced to life imprisonment on the rape conviction in this case.

Affirmed.