Everett CRUTCHFIELD *v.* STATE of Arkansas

CA CR 87-190                                          763 S.W.2d 94

Court of Appeals of Arkansas
Division I
Substituted Opinion on Denial of Rehearing
October 12, 1988■

228

*Pruitt & Hodnett*, by: *Roger T. Jeremiah*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

GEORGE K. CRACRAFT, Judge. Everett Crutchfield appeals from his conviction of the crimes of attempted kidnapping and being a felon in possession of a firearm for which he was sentenced to concurrent terms of ten and three years in the Arkansas Department of Correction. On appeal he argues several points for reversal. We find no merit in any of them and affirm the judgment of the trial court.

Appellant first contends that the trial court erred in denying his motion for a directed verdict because there was insufficient evidence to sustain these convictions. He does not contend that the State's evidence did not establish that the offenses charged had occurred, but only that the finding that he was the perpetrator of those crimes is not supported by substantial evidence.

On appeal from a jury verdict, the evidence is viewed in the light most favorable to the State and the verdict affirmed if there is substantial evidence to support it. Evidence is substantial if the jury could have reached the conclusion without having to resort to speculation or conjecture. In this review, we need only consider testimony lending support to the verdict and may disregard any testimony that could have been rejected by the jury on the basis of credibility. *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985); *Chaviers* v. *State*, 267 Ark. 6, 588 S.W.2d 434 (1979).

After testifying to the events constituting the offenses for which the appellant was charged, the victim positively identified appellant as the person who had attempted to abduct her at gunpoint and who had fired several shots at her after she escaped. In support of his defense of alibi, the appellant offered the testimony of a number of persons who stated that at the time

these events occurred the appellant was in Port Aransas, Texas. Some of these witnesses were relatives and others were friends. We agree that if their testimony had been accepted as true by the jury the appellant could have been acquitted. However, the jury may accept or reject any or all of any witness's testimony and is entitled to accept as true only that part of the evidence it believes to be more credible and worthy of belief. It was not bound to believe appellant's witnesses. *Hamilton* v. *State*, 262 Ark. 366, 556 S.W.2d 884 (1977). We cannot conclude that the jury's finding that appellant was the person who attempted to abduct the victim is not supported by substantial evidence.

Appellant next contends that the identification testimony of the victim was the result of an unduly prejudicial, defective identification procedure and was impermissibly suggestive. Suppression of an in-court identification is not warranted unless the pretrial identification procedure was so suggestive as to create a substantial likelihood of irreparable misidentification. *Forgy* v. *State*, 16 Ark. App. 76, 697 S.W.2d 126 (1985). *See also Martinez* v. *State*, 269 Ark. 231, 601 S.W.2d 576 (1980). At the hearing on the motion to suppress, the victim testified that she had a good opportunity to see and observe the appellant during the attack. Immediately after the attack, she furnished the officers with a detailed description of him and informed them of distinctive, recognizable decay of her attacker's teeth and that he had one protruding tooth. She stated that at the time of the attack she thought he said, "You are not Shelia," but that he at least said something about "Shelia."

Based on this and other information, the police officers then questioned Shelia Suttles, who informed the officers that the description furnished them by the victim was that of the appellant, who at one time had been Ms. Suttles' brother-in-law and with whom she had had numerous encounters. She furnished the officers with two photographs of the appellant from an album. The police officers then exhibited one to the victim. The victim stated that it "looks like" the man, but pointed out that her attacker had facial hair whereas the man in the photograph did not. The officers then photocopied the photograph and penciled in facial hair as the victim had described it. She then positively identified that photograph as being a photograph of the person who had attacked her. A day or two later, she again identified the

appellant as her attacker from a six-photo spread. At trial she stated that she had not been coached by the officers at the prior identifications and that there was no doubt in her mind that the appellant was the person who attacked her. At the time she identified him in the courtroom, she stated she was basing her identification on her observation at the time of the attack and not upon the photographs or any suggestions made by the police officers.

We have declared that the factors to be considered in testing the reliability of a pretrial identification include the opportunity of the witness to view the criminal at the time of the crime; the witness's degree of attention; the accuracy of any prior description of the criminal; the level of certainty demonstrated by the witness at the time of confrontation; and the length of time between the crime and the confrontation. *Whitt* v. *State*, 281 Ark. 466, 664 S.W.2d 876 (1984). The evidence shows that the victim had ample opportunity to view the appellant at the time of the crime and was able to give a detailed description of the person immediately after the crime. There is nothing to indicate that that description was other than accurate. She positively identified the appellant as her attacker in the initial photographs and from a photo line-up within a matter of days after the crime, with no suggestion or encouragement from the police to do so.

It is for a trial court to determine if there are sufficient aspects of reliability surrounding an identification to permit its use in evidence, and then it is for the jury to determine what weight the identification testimony should be given. *Wilson* v. *State*, 282 Ark. 551, 669 S.W.2d 889 (1984); *Forgy* v. *State, supra.* We cannot conclude from this record that the trial court erred in its determination that there were sufficient aspects of reliability surrounding this identification to permit its use in evidence.

At trial Shelia Suttles testified, over appellant's objection, that the appellant had for several years been infatuated with her and over a period of time had made telephone calls professing his love for her. She stated that the appellant had followed her around and had gotten "physical" in his advances toward her "three or four" times. The last of these attacks had occurred two years previously, when appellant broke into Ms. Suttles' home

and threatened and choked her. She stated, however, that the telephone calls from appellant had continued up until "March of this year." Ms. Suttles also testified that in the summer months she rode a bicycle over a nine-mile course every afternoon at about the same hour and that this route passed the point at which the attack was made on the victim.

■ Appellant's motion for a mistrial was denied. The court ruled that the testimony was relevant for the purpose of showing intent, motive, and identification of the appellant. The appellant contends that the trial court erred in not granting his motion for a mistrial because the evidence could only have been admitted to show that the appellant was a bad man, was too remote in time to be considered, and was not relevant to the instance for which the trial was being had. We do not agree. Rule 404(b) of the Arkansas Rules of Evidence provides that evidence of other acts may not be admitted merely to prove the character of a person in order to show that he acted in conformity with that trait of character at the time in question. However, it also provides that such evidence may be admitted for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. To be admissible under this rule, the evidence must be independently relevant and its probative value must not be substantially outweighed by the danger of unfair prejudice.

■ This evidence was relevant. The victim did not personally know the appellant and was unable to give a motive for the attack. Proof of one's purpose or motive for an abduction is an essential element of the offense of kidnapping, see Ark. Code Ann. § 5-11-102(a) (1987) (formerly Ark. Stat. Ann. § 41-1702(1) (Repl. 1977)), and proof of the identity of the assailant is essential to conviction. There was evidence that this victim was attacked while riding a bicycle at a place where Shelia Suttles regularly rode a bicycle. He had attacked and threatened Ms. Suttles because she had spurned his affections. There was evidence that at the time of the attack appellant had referred to the victim as, or made some reference to a person named, Shelia. The appellant had placed his identity in issue by offering an alibi as his sole defense. As he had questioned the victim's identification of him, this evidence was independently relevant to establish

that fact, as well as the fact that the appellant had attempted to abduct her to avenge his unrequited love for Shelia. We also note that the trial court on its own motion offered to and did give a limiting instruction to the jury as to the purposes for which that evidence could be considered. From our review of the facts and circumstances surrounding the admission of that testimony, we cannot conclude that the trial court erred in admitting it for the limited purposes we have discussed.

During the cross-examination of appellant, the prosecuting attorney asked him if a particular individual had not visited him while he was in jail. The appellant moved for a mistrial, which was denied. He argues that this testimony so prejudiced him that he could not receive a fair trial and deprived him of his due process rights. The appellant does not point to us wherein he was prejudiced by that testimony or how it was a significant factor in his conviction. Our courts have held that facts indicating incarceration are not prejudicial per se and that prejudice is not presumed where there is nothing to indicate what impression may or may not have been made on the jurors by the remark and where the appellant offers no proof of prejudice. *Hill v. State*, 285 Ark. 77, 685 S.W.2d 495 (1985). The defendant must bear the burden of affirmatively demonstrating prejudice and appellant has failed in that burden.

Appellant finally contends that the trial court erred in limiting the closing arguments to twenty-five minutes per side. Trial courts have inherent power to govern and control the orderly progress of trials, and it is within the sound discretion of the court to limit the time for argument by counsel. It is well settled that the range as well as the length of arguments must necessarily be left up to the discretion of the trial judge and the exercise of that discretion will not be disturbed unless it is manifestly abused to the prejudice of the parties. *Ethridge* v. *State*, 9 Ark. App. 111, 654 S.W.2d 595 (1983); *Kelley* v. *State*, 7 Ark. App. 130, 644 S.W.2d 638 (1983). The appellant here does not point out to us what arguments he was unable to cover during the period provided by the court or any manner in which he might have been prejudiced by the court's ruling. The only issues before the court were the identity of the appellant and the question of his alibi.

Although a number of witnesses and exhibits were introduced in support of those positions, we cannot conclude that the trial court abused its discretion or that prejudice resulted from the limitation on argument placed by the trial court.

Affirmed.

CORBIN, C.J., and JENNINGS, J., agree.