Gary Frank BONDS *v.* STATE of Arkansas

CR 89-73                                        770 S.W.2d 136

Supreme Court of Arkansas
Opinion delivered May 15, 1989
[Rehearing denied June 5, 1989.]

*Gibson & Deen*, by: *Thomas D. Deen*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kay J. Jackson Demailly*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Gary Frank Bonds, pleaded guilty to theft and burglary and was placed on five years probation. A petition was filed seeking revocation of his probation, alleging failure to report to the probation officer, failure to pay fines, costs, or fees, and failure to notify authorities of address and employment change. Bonds filed a "motion for discovery" seeking information such as the names of the witnesses and documentary evidence against him. The state did not respond, and at the beginning of the revocation hearing Bonds renewed his motion for discovery. The prosecutor argued there was no need for further notice to Bonds of the allegations with which he was faced. The judge denied Bonds's motion as well as his motion for a preliminary hearing. We find no prejudicial error, as Bonds testified at the revocation hearing and admitted his failure to comply with the conditions of his probation.

We agree that due process of law entitled Bonds to disclosure of the evidence against him. *See Black* v. *Romano*, 471 U.S. 606 (1985). However, given Bonds's testimony admitting the violations with which he was charged, we find he suffered no prejudice.

Lisa Ray, the probation officer, testified that Bonds committed all the violations alleged. Bonds testified he had a conversation with Ms. Ray in which she had advised him of his obligations. He testified he later changed addresses without telling her, did not report, and relied on his wife to make the payments on his fine and costs, knowing that these were his responsibilities and not those of his wife or mother.

We do not reverse where an alleged error is not prejudicial. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984). Bonds has

not demonstrated he could in any way have benefitted from the information of which he sought disclosure. We are convinced beyond a reasonable doubt that, given Bond's testimony admitting the probation violations, there was no prejudice to his case. *Chapman* v. *California*, 386 U.S. 18 (1967).

Affirmed.