Larry HUCKABEE *v.* STATE of Arkansas

CA CR 89-131                                        785 S.W.2d 223

Court of Appeals of Arkansas
Division I
Opinion delivered January 24, 1990

84

*Stephen E. Walsh* and *John Burris*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was charged with second degree murder in the shooting death of his wife. After a jury trial, the appellant was convicted of the lesser-included offense of manslaughter and sentenced to ten years in the Arkansas Department of Correction. On appeal he argues that the trial court erred in refusing to grant his motion for a new trial and that the trial court erred in allowing the State to cross-examine him about prior bad acts. We find merit in the appellant's first argument and reverse and remand for a new trial.

At a hearing on the appellant's motion for a new trial, J.R. Mayer, an investigator for the Randolph County Sheriff's Office, testified that he was a witness for the State at the appellant's first trial. According to Mayer, after the jury had begun deliberations, a juror left the jury room and asked him if the jury could have the

statement of Aubrey Huckabee. Aubrey Huckabee is the appellant's brother and was present the night the appellant's wife was shot and killed.

Mayer testified as follows:

> The juror asked me a question and I said, "Just a minute", because I had no knowledge of the question that he asked me. About that time, the Judge came out, Judge Erwin, and that question was answered for him and he returned to the jury room.

The record does not reveal the substance of the judge's answer.

■■ On appeal, the appellant argues that the trial court erred in denying his motion for a new trial because there was no compliance with Ark. Code Ann. § 16-89-125(e) (1987). That section states:

> (e) After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence, or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties.

This statute is mandatory. *Rhodes* v. *State*, 290 Ark. 60, 716 S.W.2d 758 (1986). Noncompliance with the statute gives rise to a presumption of prejudice and the State has the burden of overcoming the presumption. *Tarry* v. *State*, 289 Ark. 193, 710 S.W.2d 202 (1986).

The State argues that there is nothing in the record to indicate what the trial judge told the juror, and therefore the appellant has failed in his duty to bring up a record sufficient to demonstrate error. However, according to *Tarry, supra*, the State has the burden of proving that the communication was not prejudicial, and in the present case, the State had the same opportunity that the appellant had to call witnesses and demonstrate that there was no prejudice.

■ Although we recognize that the Supreme Court's 1986 ruling in *Tarry* is not consistent with the line of cases beginning with *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984) and

continuing through the recently-decided case of *Bonds* v. *State*, 298 Ark. 630, 770 S.W.2d 136 (1989), which require that the appellant demonstrate prejudice, it is clear that the Supreme Court has chosen to apply the earlier rule which presumes prejudice with respect to errors resulting from noncompliance with Ark. Code Ann. § 16-89-125(e) (1987). *See Tarry*, 289 Ark. at 196 and 198.

■ We also find no merit to the State's contention that § 16-89-125(e) did not come into effect because the juror did not indicate that there was a disagreement as to evidence or that they wished to be informed on a point of law. According to Officer Mayer's testimony, at least some members of the jury wanted the statement of one of the witnesses who testified. We hold that there was sufficient evidence to show that the jury had some question as to this evidence and we hold that the statute did come into effect.

■ The State also requests that we overrule *Tarry* and *Rhodes*, because the presumption of prejudice is contrary to the previously mentioned rule that prejudice must be demonstrated. However, we do not have the authority to overrule *Tarry* and *Rhodes*, which are Arkansas Supreme Court cases. The appellant filed this case with this Court. The cover of the State's brief states that the case is "In the Arkansas Court of Appeals" but the jurisdictional statement indicates that the case falls within the jurisdiction of the Supreme Court. However, the State has not filed a motion requesting certification to the Supreme Court. We will, in proper cases, certify cases to the Supreme Court on our own motion; however, we do not find that to be appropriate in this case. This case does not require certification because we are applying the statute to the facts in this case, as the statute was interpreted by the Supreme Court just three years ago.

■ Furthermore, we are not persuaded by the State's assertion that the Supreme Court's interpretation is unjust. The purpose of the statute is to prevent exactly what happened in this case. As the State points out in its brief, it is not known exactly what the trial judge told the juror, but according to the testimony, however, he answered the question. Had the statute been followed we would have before us a record of the conversation and both attorneys would have had an opportunity to object if they deemed it necessary. However, because the statute was not followed, we

only have Officer Mayer's testimony as to what occurred. As we noted above, the State had equal opportunity to rebut the presumption of prejudice and, having failed to do so, the State cannot now complain that the result is unjust. We therefore reverse and remand for a new trial.

The appellant's second argument concerns questions the State asked him regarding prior bad acts. Since we are remanding for a new trial, we address the issue because it is likely to occur on retrial.

The appellant testified in his own behalf. He stated that on the evening of April 29, 1988, he and his brother, Aubrey, went to the "state line" and drank beer. They returned to the appellant's home at approximately 11:30 p.m. and his wife began heating up supper for them. She then went into the bedroom, and the appellant followed. He stated that he sat down on the bed next to his wife and reached up for his holster, which had a gun in it. As he was sitting down again the gun discharged. According to the appellant, his wife "began hollering," and when he turned around he got his feet tangled, fell, and the gun discharged again. The appellant stated that he and his wife were not arguing, that he loved his wife, and that the shooting was accidental.

On cross-examination, the State asked the appellant if he had in the past picked up the dining room table and broken it over his wife's back. The appellant objected to the question, asserting that it was not relevant. The trial court overruled the objection, and the appellant denied hitting his wife with the dining room table. The State then asked the appellant if he pushed or slapped his wife when he was drinking, if his wife left him because he had beaten her, and if he had threatened to kill her. The appellant denied all these acts. On appeal, the appellant argues that the trial court erred in allowing him to be questioned about prior acts of violence towards his wife. We disagree.

Evidence of prior wrongs or acts is not admissible to prove the character of the defendant in order to show that he acted in conformity therewith; however, it may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or lack of mistake or accident. Ark. R. Evid. 404(b). To be admissible under this rule, the evidence must be independently relevant and its probative

value must substantially outweigh the danger of unfair prejudice. *Crutchfield* v. *State*, 25 Ark. App. 227, 763 S.W.2d 94 (1988). In light of the fact that the appellant testified that his wife's shooting was accidental, we agree with the trial court's ruling that the evidence was relevant to show intent and lack of accident, and that any prejudice was outweighed by the probative value.

Reversed and remanded.

JENNINGS and ROGERS, JJ., agree.