David WOMACK *v.* STATE of Arkansas

CA CR 90-309                                    819 S.W.2d 306

Court of Appeals of Arkansas
Division I
Opinion delivered November 27, 1991

*William R. Simpson, Jr.*, Public Defender, by: *Richard Lewallen*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Elizabeth Vines*, for appellant.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with rape, kidnapping, and aggravated assault, all of which were alleged to have occurred on February 11, 1990. He was found not guilty of rape but guilty of kidnapping and aggravated assault and he was sentenced to sixteen years in the Arkansas Department of Correction. On appeal, he claims the trial judge erred in admitting evidence of his prior bad acts and that the judge erred in failing to instruct the jury as to the specific purpose for which this particular evidence was to be considered. We find no error and affirm.

The alleged victim was the former girlfriend of the appellant, Dorris Hill, whose testimony included not only the events of February 11, but also other acts she said were committed against her by the appellant within the two-month period preceding the abduction. Ms. Hill testified that she ended her relationship with the appellant after he held her at gunpoint on December 8, 1989. She alleged that he burglarized her residence on December 22, 1989, and she described a phone conversation on December 31,

1989, in which he threatened suicide, admitted that he had burglarized her residence, and offered to return her belongings if she would agree to see him. The last incident prior to the abduction occurred on January 4, 1990, when the appellant followed her home and was arrested on an unrelated warrant. The appellant objected to testimony about each incident and the jury was repeatedly instructed not to find the appellant guilty or not guilty of these incidents, but to consider this evidence giving it whatever weight it deemed appropriate in regard to the offenses for which the appellant was being tried.

On appeal, the appellant claims the introduction of this evidence was error in that its purpose was to show that he was a bad person and that he acted in conformity with his bad character on February 11, 1989. The trial judge admitted the evidence to show the appellant's state of mind. Ark. R. Evid. 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

For evidence of prior bad acts to be admissible as an exception under Ark. R. Evid. 404(b), the evidence must (1) have independent relevance to the issues being tried, and (2) its probative value must not be substantially outweighed by the danger of unfair prejudice. *Price v. State*, 268 Ark. 535, 597 S.W.2d 598 (1980); *Crutchfield v. State*, 25 Ark. App. 227, 763 S.W.2d 94 (1988).

As to the first requirement, the evidence must have independent relevance in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal. *Carter v. State*, 295 Ark. 218, 748 S.W.2d 127 (1988). The appellant argues that his state of mind was not at issue; therefore, these acts had no independent relevancy as they were neither charged nor related to the transaction at issue. We disagree. Ms. Hill was the victim in several incidents each occurring within two months of the termination of her relationship with the appellant. This evidence had relevance to show motive, plan and intent. In *White v. State*, 290 Ark. 130, 717 S.W.2d 784 (1986), the fact that the appellant's wife was the

victim in two incidents was the basis for admitting similar evidence as it reflected a specific propensity to commit the particular sort of crime in question with the same person. The Court held the evidence relevant "to show the relation and familiarity of the parties, their disposition and antecedent conduct towards each other, and as corroborative of the testimony of the prosecuting witness touching the crime charged in the indictment." As in *White*, this appellant's bad acts were not admitted to show him to be of bad character, but rather to show his state of mind and his motive and intent to abduct his former girlfriend.

The second element, the balancing test, is a question within the discretion of the trial judge, and we will not disturb that decision absent an abuse of discretion. *Beebe* v. *State*, 301 Ark. 430, 784 S.W.2d 765 (1990); *Carter, supra*. We find no abuse of discretion here as the prior incidents are highly probative of the appellant's motive and intent, which is not substantially outweighed by any unfair prejudice that may have resulted.

The appellant further claims that these prior bad acts do not fall under any exception specified in Rule 404(b). To the contrary, motive and intent are stated exceptions for which prior bad acts may be admitted. *See* Arkansas Rule of Evidence 404(b). We also note that the list of exceptions in Rule 404(b) is exemplary only and is not exclusive, for it discusses admission of such evidence for "other purposes, such as" the ones listed, *Thrash* v. *State*, 291 Ark. 575, 726 S.W.2d 283 (1987); *White* v. *State, supra*, and the Supreme Court has held that the State is entitled to introduce evidence showing all circumstances which explain the act, show a motive for acting, or illustrate the accused's state of mind. *Richmond* v. *State*, 302 Ark. 498, 791 S.W.2d 691 (1990).

The appellant claims the trial judge further erred by failing to admonish the jury as to the specific exception for which this evidence was to be considered; however, he cites no authority for this proposition and we do not consider arguments on appeal which are not supported by convincing argument or authority. *Ross* v. *State*, 300 Ark. 369, 779 S.W.2d 161 (1989); *Hall* v. *State*, 15 Ark. App. 309, 692 S.W.2d 769 (1985). Because we find the evidence to be independently relevant and probative, we hold

that the trial judge did not err in ruling the evidence admissible.

Affirmed.

JENNINGS and ROGERS, JJ., agree.